```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS


OPEN TEXT CORPORATION and      *
OPEN TEXT, INC.,               *
                               *
               Plaintiff,      *
                               *
          v.                   *      Civil Action
                               *   No. 1:18-cv-11697-PBS
SAS C6,                        *
                               *
               Defendant.      *
                               *
```

**MEMORANDUM AND ORDER**

January 7, 2020

SARIS, D.J.

**INTRODUCTION**

On June 29, 2018, the Plaintiffs, Open Text Corporation and Open Text, Inc. ("Open Text") brought suit against the defendant, SAS C6 ("C6"), in Massachusetts Superior Court alleging, among other things, breach of contract based on an Exclusive License Agreement ("ELA") signed by the parties and breach of the associated covenant of good faith and fair dealing. Under the ELA, C6 conveyed to EMC Corporation ("EMC") an irrevocable exclusive, worldwide and perpetual license to certain software and any derivative works thereof and described additional services and software development work to be provided by C6. EMC subsequently assigned its rights under the ELA to Open Text.

On August 13, 2018, C6 removed the case to the United States District Court for the District of Massachusetts. C6 contended that this Court had jurisdiction due to diversity of citizenship pursuant to 28 U.S.C. § 1332 and jurisdiction because the case raised a question arising under federal copyright law pursuant to 28 U.S.C. § 1331. The parties now agree that there is no diversity of citizenship, so the only remaining ground for jurisdiction is if the case arises under federal law.

Pending before the Court is Open Text's motion to remand. Open Text contends that its complaint raises only a contract claim under state law. C6 argues that Open Text's contract claim is simply a copyright claim in disguise.

## STATEMENT OF FACTS

On October 25, 2011, EMC and C6 executed the ELA by which C6 conveyed to EMC all rights to a software product known as "D2." Dkt. No. 1, Ex. A ¶ 1. D2 is a web-based application and interface designed for enterprise content management that allows users to quickly and easily customize functionality for various business needs, including content creation, publishing and workflow. Id. ¶ 9. Subsequently, EMC conveyed its rights under the ELA to Open Text. Id. ¶ 1.[1]

---

[1] All references to rights conveyed by C6 to EMC under the ELA shall be referred to as having been conveyed by C6 to Open Text.

2

Open Text alleges that C6 has developed, made, marketed and sold three products in violation of the ELA: C6 Mobile for D2 ("D2 Mobile"), C6 Office for D2 ("D2 Office") and C6 Any. Id. ¶ 15.

## **LEGAL STANDARD**

Civil actions are removable from state court to federal court if the federal court has original jurisdiction over the action. 28 U.S.C. § 1441. United States district courts have original jurisdiction of civil actions "arising under" the laws of the United States, 28 U.S.C. § 1331, as well as of any civil action arising under any act of Congress relating to copyrights. 28 U.S.C. § 1338. Whether the claim arises under federal law is determined by reference to the complaint alone; the existence of a potential defense based on federal law does not confer a right to remove. See Caterpillar, Inc. v. Williams, 482 U.S. 386, 399 (1987) ("[A] defendant cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law, thereby selecting the forum in which the claim shall be litigated.")

Moreover, the plaintiff is the master of his claim. Caterpillar, 482 U.S. at 392; see also The Fair v. Kohler Die & Specialty Co., 228 U.S. 22, 25 (1913) ("Of course, the party who brings a suit is master to decide what law he will rely

upon...."). "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, 482 U.S. at 392 (citing Gully v. First Nat'l Bank, 299 U.S. 109, 112–13 (1936)).

The First Circuit has cautioned that "Federal courts, as courts of limited jurisdiction, should implement federal preemption doctrines as narrowly as possible....[T]he Copyright Act does not encompass all claims simply because the parties' dispute happens to involve a copyrighted work." Cambridge Literary Properties, Ltd. v. W. Goebel Porzellanfabrik G.m.b.H. & Co. KG., 510 F.3d 77, 99-100 (1st Cir. 2007). See also Venegas-Hernández v. Asociación De Compositores Editores De Música Latinoamericana, 424 F.3d 50, 58 (1st Cir. 2005) ("The Copyright Act does not draw into federal court all matters that pertain to copyright.").

## DISCUSSION

Open Text urges the court to find that the ELA is not preempted by the Copyright Act, arguing that the contract promise and the conditions underlying the contract constitute extra elements which distinguish state contract law from federal copyright law. C6 contends that the exclusive license at issue

4

in the ELA falls entirely within the scope of the Copyright Act and is thus preempted.

On its face, Open Text's complaint does not state a federal question. Although Open Text's breach of contract claim is related to copyright law insofar as the contract licensed a copyrightable software, this does not automatically satisfy the "arising under" requirement. "It is settled beyond peradventure that an action does not 'arise under' the federal copyright laws merely because it relates to a product that is the subject of a copyright." Royal v. Leading Edge Prods., 833 F.2d 1, 2 (1st Cir. 1987) (citing Topolos v. Caldewey, 698 F.2d 991, 993 (9th Cir. 1983)).

Section 301(a) precludes enforcement of any state cause of action which is equivalent in substance to a federal copyright infringement claim. 17 U.S.C. § 301(a). Construing the law of the First Circuit, the Federal Circuit has held that the Copyright Act does not preempt a state-law contract claim that restrains copying. Bowers v. Baystate Techs., Inc., 320 F.3d 1317, 1325 (Fed. Cir. 2003).[2]

---

[2] The Federal Circuit's holding in Bowers relied on the reasoning of Data Gen. Corp. v. Grumman Sys. Support Corp., 795 F. Supp. 501, 505 (D. Mass. 1992), aff'd, 36 F.3d 1147 (1st Cir. 1994), abrogated on other grounds by Reed Elsevier, Inc. v. Muchnick, 559 U.S. 154, (2010).

5

Other circuits have similarly found that a contract claim is not preempted by the Copyright Act. See, e.g., Forest Park Pictures v. Universal Television Network, Inc., 683 F.3d 424, 433 (2d Cir. 2012) ("A claim for breach of a contract including a promise to pay is qualitatively different from a suit to vindicate a right included in the Copyright Act and is not subject to preemption."); Utopia Provider Sys., Inc. v. Pro-Med Clinical Sys., L.L.C., 596 F.3d 1313, 1327 (11th Cir. 2010) ("To succeed on its breach of contract claims, Utopia must prove a valid license agreement, which constitutes an 'extra element'"."); Wrench LLC v. Taco Bell Corp., 256 F.3d 446, 456 (6th Cir. 2001) ("The extra element is the promise to pay."); ProCD, Inc. v. Zeidenberg, 86 F.3d 1447, 1454 (7th Cir. 1996) ("A copyright is a right against the world. Contracts, by contrast, generally affect only their parties; strangers may do as they please, so contracts do not create 'exclusive rights.'"); Taquino v. Teledyne Monarch Rubber, 893 F.2d 1488, 1501 (5th Cir. 1990) ("This action for breach of contract involves an element in addition to mere reproduction, distribution or display: the contract promise...therefore, it is not preempted."). In light of this caselaw, the contract claim is not preempted.

## **ORDER**

The Court **ALLOWS** Open Text's motion to remand. (Dkt. No. 14).

SO ORDERED

                                           /s/ Hon. Patti B. Saris  
                                           Honorable Patti B. Saris  
                                           United States District Judge